Green vs. Commonwealth.

CASE 9—INDICTMENT—JUNE 11.

# Green vs. Commonwealth.

APPEAL FROM BOURBON CIRCUIT COURT.

1. Keepers of billiard-tables, for hire and profit, may be indicted and fined any sum not exceeding one hundred dollars, under the act of February 22, 1864 (*Myers' Supplement*, 247), for suffering a minor, without the written permission of his parent or guardian, "to play any game thereon, either by betting or not betting." It is not necessary to allege in the indictment that the minor bet on the game.

2. Said act of 1864 is not repealed by the 8th section of "An act to amend and reduce into one all laws relating to billiard tables and the tax thereon," approved March 6, 1868. Said act of 1868 does not embrace either private tables for domestic use, or the act of playing on public tables by minors without authority, as prescribed by said act of 1864.

HUSTON & MULLIGAN,                                    For Appellant,

CITED—

*Act of Feb.* 22, 1864, *Myers' Sup.*, 274.
2 *Bush*, 34, 35; *Holt vs. Commonwealth.*
*Revised Statutes, sec.* 19, *chap.* 42.
1 *Duvall*, 161.
*Act of March* 6, 1868, *Session Acts*, 36, 37.

JOHN RODMAN, Attorney General, and
J. LAWRENCE JONES,                                    For Appellee,

CITED—

*Rev. Stat., chap.* 42, 2 *Stant.*, 567, *and Act of Feb.* 11, 1858.
*Session Acts* 1867–8, *p.* 37; *Act of Mar.* 6, 1868, *sec.* 8.

JUDGE ROBERTSON delivered the opinion of the court:

On an indictment charging the appellant with the penal offense of permitting a white minor boy to play on his billiard-table "kept for hire and profit," and without the authority of the boy's father, the jury returned a verdict of guilty, and assessed the penalty at eighty dollars—for which the circuit court rendered a judgment—which this appeal seeks to reverse only because the indictment does not explicitly charge that "money was bet or lost" on the game played by the minor; and for which omission the appellant moved an arrest of judgment, which the court refused.

By the statutory laws of Kentucky, billiard-tables for private use are permitted in private houses without special license; but billiard-tables "for hire and profit" are forbidden, without license granted on the payment of a tax.

Anxious to prevent the demoralization of the young by the seduction of games of billiards, the Legislature enacted the statute of 1864 (*Myers' Supplement, p.* 247), denouncing forfeiture, and also a fine not exceeding one hundred dollars, against any keeper of a billiard-table on which anything of value is bet, for suffering a minor, without the written permission of his parent or guardian, "to play any game thereon, *either* by betting or not *betting.*"

It being thus immaterial whether the minor bet or not, the indictment sufficiently charges a defined offense, without the superfluous allegation that the minor bet on the game; and it was necessary to charge, as the indictment does, that the table was kept for hire and profit, only to show that it was not kept for private use, but as a gaming table, which the words "*for hire and profit*" imply, in contradistinction to private tables, kept for exercise and

Green vs. Commonwealth.

amusement, and not for gaming. A table kept for hire and profit is, therefore, a table on which there is betting, as described by the act of 1864.

Consequently, there is no substantial defect in the indictment for which the judgment could be arrested.

The appellant's counsel, however, argue that the act of 1864 is repealed by the eighth section of an act of 1868, in these words: "That all laws relating to billiard tables, and the tax thereon, be, and the same are hereby, repealed." This is very comprehensive; and the title of the act, in these words, "An act to *amend* and reduce into one all laws relating to billiard tables, and the tax thereon," is equally comprehensive, and apparently exclusive.

But the context of the act of 1868 constructively circumscribes the enactment to a change in the mode of licensing and taxing billiard tables, and to a prohibition of betting on them, or using spirituous liquors where they are kept; and does not embrace either private tables for domestic use, or the act of playing on public tables by minors, without authority, as prescribed by the act of 1864. And we cannot believe that the Legislature intended to repeal the law authorizing private tables without taxed license, or to leave infants unguarded victims of the allurements and contaminating associations of billiard tables kept for public use.

The title and eighth section of the act of 1868 may consistently authorize a restrictive construction not touching the act of 1864 or private tables. The eighth section may, and we presume does, relate only to the licensing and taxing of billiard tables; and the title may, and we think does, *amend former laws, and, as thus amended, reduces the amendment, and what is not amended, into one consistent law.*

It seems to us that this is both the literal and rational construction of the title, which is not simply " to reduce," but to "*amend and reduce into one all* the laws on the subject of billiard tables."

We therefore adjudge that the act of 1864 is not repealed; and, consequently, the judgment of the circuit court is affirmed.